IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA            :

      v.                                    :            **CRIMINAL NO. 19-393**

GREGORY DOW                         :


## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The United States of America, by its attorneys William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Timothy M. Stengel, Assistant United States Attorney for the District, hereby moves this Court to detain the defendant Gregory Dow pending trial on charges of engaging in illicit sexual conduct in foreign places, in violation of Title 18, United States Code, Section 2423(c).

## I.    INTRODUCTION

On July 11, 2019, the defendant Gregory Dow was charged by federal indictment with sexually abusing young girls residing in an orphanage he operated in the Republic of Kenya.   The defendant, a previously convicted sex offender, traveled from Lancaster County to Kenya in 2008 and started what came to be known as the Dow Family Children's Home.   He did so with the financial support of his church and other organizations.   By the time the orphanage closed in September 2017, the defendant had sexually abused at least four young teenage girls who lived there.

The crimes with which the defendant is charged give rise to a rebuttable presumption, pursuant to 18 U.S.C. § 3142(e)(3)(E), in favor of his pretrial detention.   But even without that presumption, the defendant should be detained.   The defendant used force and coercion to perpetrate the most heinous of crimes, preying on vulnerable children for his own

sexual gratification.   This is not the first time the defendant has faced this type of allegation either.   In 1996, he was convicted of sexually molesting his then 15 year-old daughter, demonstrating that he is a persistent danger to the community.

The defendant is also a flight risk.   In fact, when the defendant's predatory behavior first came to light in Kenya, he was charged criminally in that country, but he avoided trial by boarding a plane and fleeing back to the United States.   In other words, the risk of flight in this case is far from an abstract concept; the defendant stands before this Court having *actually fled criminal charges*.   There is no reason to doubt that he will flee again, particularly in light of the substantial penalties the defendant faces, as the government has estimated the applicable Sentencing Guideline range in this case to be 292 to 365 months' imprisonment.   The defendant therefore has not just a proclivity to flee but a significant incentive to do so.

Together, these facts establish that no condition or combination of conditions will reasonably assure his appearance as required and/or the safety of the community, and the defendant cannot overcome the presumption in favor of his detention.   The government therefore moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

## II.   THE FACTS

In support of this motion, the government makes the following representations and proposed findings of fact:

### A.   Probable Cause and the Evidence in This Case

There is probable cause to believe that the defendant has violated Title 18, United States Code, Section 2423(c) (engaging in illicit sexual conduct in foreign places), as charged in

Counts One through Four of the Indictment in this case.   Because there is probable cause to believe that the defendant committed an offense under Section 2423, the Court must presume— subject to rebuttal by the defendant—that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community, or reasonably assure the appearance of the defendant as required.

The direct evidence against the defendant is strong.   FBI interviewers specially trained to interview minor victims of abuse interviewed several children who resided at the Dow Family Children's Home.   Four separate children disclosed sexual abuse, and their descriptions of the circumstances surrounding their abuse bore striking similarities.   Each described unwanted sexual contact, including forcible vaginal intercourse and being forced to perform oral sex on the defendant.   One victim described how the defendant manipulated her by accusing her of having sex with another and telling her that she therefore had to have sex with him as well. Another victim described holding herself tight to prevent the defendant from having sex with her, but she was not able to stop him.   The defendant purported to be a Christian missionary who would care for these orphans.   They called him "Dad."   But instead of being a father figure for them, he preyed on their youth and their vulnerability.

The circumstantial evidence in this case is similarly strong.   For example, the defendant's wife, with whom he operated the orphanage, took the victims – and other girls living at the orphanage – to a medical clinic in Kenya where birth control devices were implanted in their arms without their consent.   This allowed the defendant to perpetrate these crimes knowing the abuse would not result in pregnancy.   The FBI interviewed dozens of witnesses, both in the United States and Kenya.   Witnesses described seeing young girls called up into the defendant's

room, and recalled times when young girls were inexplicably in the defendant's room with the door locked.   They also described physical abuse at the orphanage inflicted under the guise of strict discipline.

The FBI's investigation of these horrific crimes firmly establishes that the defendant, a United States citizen, traveled to a foreign country and took vulnerable children there into his care.   He then parlayed his relationships with these children into something sinister, sexually abusing multiple girls.   The defendant is a clear danger to the community, and he should be detained pending trial.

### B.   Maximum Penalties

The defendant faces a statutory maximum of 120 years' imprisonment, a five-year period of supervised release, a $1,000,000 fine, and a $400 special assessment.   The government estimates the applicable Sentencing Guideline range to be 292 to 365 months' imprisonment, giving the defendant a compelling incentive to flee.

### C.   Criminal Record

Notably, the defendant has committed a similar crime before.   In 1996, the defendant pled guilty in Iowa state court to assault to commit sexual abuse, in connection with his sexually molesting his teenage daughter.   His daughter was around the same age as the victims he is currently charged with sexually abusing.   This 1996 charge was consolidated with a burglary charge to which he also pled guilty.   He received a suspended prison sentence and two years of probation.   He was also required to register as a sex offender for 10 years.

## III.    <u>CONCLUSION</u>

The defendant is a previously convicted, repeat sexual predator, who has fled

justice at least once before.   It is clear that the defendant is both a danger to the community and

a risk of flight.   Considering all of the factors set forth above in light of the substantial sentence

the defendant faces, the defendant cannot overcome the presumption that there is no combination

of conditions that will reasonably assure his appearance in this Court and the safety of the

community.   He should therefore be detained pending trial.

WHEREFORE, the government respectfully submits that its Motion for

Defendant's Pretrial Detention should be granted.


Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney


 /s Timothy M. Stengel
TIMOTHY M. STENGEL
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **CRIMINAL NO. 19-393** |
| GREGORY DOW | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this          day of July, 2019, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

>       (a)      the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

>       (b)      the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

>       1.      There is probable cause to believe that the defendant has violated Title 18, United States Code, Section 2423(c) (engaging in illicit sexual conduct in foreign places), giving rise to a rebuttable presumption in favor of detention.

2.      The evidence in this case is strong.   The government has informed the Court that multiple victims disclosed abuse, and corroborating information was provided by additional witnesses and record evidence.

3.      The defendant faces a statutory maximum of 120 years' imprisonment, and the government estimated that the applicable Sentencing Guideline range is 292 to 365 months' imprisonment.   Accordingly, the defendant has a substantial incentive to flee.

4.      The defendant has previously fled criminal charges, which demonstrates a proclivity to flee.

5.      The strength and nature of the case against the defendant and the defendant's history, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

6.      As there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 2423(c), the Court must presume—subject to rebuttal by the defendant—that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community, or reasonably assure the appearance of the defendant as required.   The defendant has failed to rebut this presumption.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HON. DAVID R. STRAWBRIDGE
United States Magistrate Judge

- 3 -

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Government's Motion for Pretrial Detention, and

Proposed Order was served by the Court's electronic filing service and will be provided to

counsel of record after he or she has entered his or her appearance.

       /s/ Timothy M. Stengel
       TIMOTHY M. STENGEL
       Assistant United States Attorney

Date:   July 12, 2019

4