# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

          v.                 :         **CRIMINAL NO. 19-393**

GREGORY DOW              :

## GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

The United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Timothy M. Stengel, Assistant United States Attorney, respectfully submits this memorandum in anticipation of a change of plea hearing scheduled for June 15, 2020.

## I.    BACKGROUND

On July 11, 2019, the defendant Gregory Dow was charged by federal indictment with four counts of engaging in illicit sexual conduct in foreign places, in violation of Title 18, United States Code, Section 2423(c).  On June 15, 2020, the defendant is expected to plead guilty to all four counts in the Indictment.

The government and the defendant have entered into a guilty plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), a copy of which is attached hereto as Exhibit A. Under that plea agreement, the government has agreed to recommend a sentence of 188 months' imprisonment. Additionally, the parties have agreed to recommend that the defendant be required to pay certain financial penalties, including a possible fine and restitution, as determined by the Court.

The defendant's agreement to plead guilty arises from the following criminal conduct: Between on or about October 14, 2013, and on or about September 13, 2017, the defendant, a

United States citizen whose last known residence is within the Eastern District of Pennsylvania,

traveled in foreign commerce from the United States to the Republic of Kenya, and resided

temporarily and permanently in the Republic of Kenya, a foreign country, and while there, engaged

in, and attempted to engage in, illicit sexual conduct, as defined in Title 18, United States Code,

Section 2423(f), with four separate victims, all under 18 years of age.

II.    **ELEMENTS**

    A.    **Engaging in Illicit Sexual Conduct in Foreign Places – 18 U.S.C. § 2423(c)**
           **(Counts One through Four)**

In order to establish a violation of 18 U.S.C. § 2423(c), the government must prove, beyond

a reasonable doubt, the following essential elements:

    1.    The defendant is a citizen of the United States;

    2.    The defendant traveled in foreign commerce or, for conduct
after March 7, 2013, resided, either temporarily or
permanently, in a foreign country; and

    3.    The defendant engaged in illicit sexual conduct with [the
victim].

*See United States v. Pendleton*, 658 F.3d 299, 304 (3d Cir. 2011); Modern Federal Jury

Instructions-Criminal P 64.06 (2018).

"Travel in foreign commerce" means simply movement between the United States and

another country.    *See* Modern Federal Jury Instructions-Criminal P 64.06 (2018).

The term "illicit sexual conduct" has three possible definitions: "(1) a sexual act (as

defined in section 2246) with a person under 18 years of age that would be in violation of chapter

109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United

States; (2) any commercial sex act (as defined in section 1591) with a person under 18 years of

age; or (3) production of child pornography (as defined in section 2256(8))." *See* 18 U.S.C. § 2423(f); *see also* Modern Federal Jury Instructions-Criminal P 64.06 (2018).   The term "sexual act" means (1) penetration, however slight, of the vulva or anus by the penis; (2) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; (3) penetration, however slight, of the anal or genital opening of another by a hand, a finger, or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or (4) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.   18 U.S.C. § 2246; *see also* Modern Federal Jury Instructions-Criminal P 64.06 (2018).   A commercial sex act does not require the exchange of money, but is any sexual act on account of which anything of value is given to or received by any person.   As supported by the factual basis for the defendant's guilty plea, which is set forth below, the government submits that the defendant engaged in illicit sexual conduct as described in both the first and second definitions listed above.

## III.   **MANDATORY MINIMUM AND STATUTORY MAXIMUM SENTENCES**

The Court may impose the following mandatory minimum and statutory maximum penalties per count of conviction:   for each of Counts One through Four, 30 years' imprisonment, a mandatory minimum of 5 years' supervised release up to a lifetime of supervised release, a $250,000 fine, and a $100 special assessment.   For conduct occurring after May 29, 2015, if found to be non-indigent, the defendant will face an additional special assessment of $5,000 per count of conviction, pursuant to 18 U.S.C. § 3014.   In this case, each count encompasses conduct occurring after May 29, 2015, so this additional special assessment may apply.

<u>The total mandatory minimum and statutory maximum sentence is therefore</u>: 120 years' imprisonment, a mandatory minimum of 5 years' supervised release up to a lifetime of supervised release, a $1,000,000 fine, and a $20,400 special assessment.   Full restitution in an amount to be determined by the Court also shall be ordered.   Forfeiture of any property, real or personal, used or intended to be used to commit or to facilitate the commission of such violations, or any property, real or personal, that constitutes or is derived from proceeds traceable to any such violations, also may be ordered.

Additionally, supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to three years for each count of conviction.   Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

## IV.   <u>THE PLEA AGREEMENT</u>

The parties agree that the plea agreement in this case is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and that the following specific sentence is the appropriate disposition of this case: 188 months' imprisonment.   If the Court does not accept the plea agreement, then either the defendant or the government will have the right to withdraw from the plea agreement and insist that the case proceed to trial.

The plea agreement also contains an appellate waiver, in which the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or

4

collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.   As part of this knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

As part of the plea agreement, the parties agree and stipulate to the following:

- The parties agree and stipulate that the base offense level for the offenses to which the defendant is pleading guilty is 24 under USSG § 2G1.3(a)(4).

- The parties agree and stipulate that the minor victims in this case were in the custody, care, or supervisory control of the defendant when he sexually abused them, resulting in a 2-level upward adjustment under USSG § 2G1.3(b)(1)(B).

- The parties agree and stipulate that the defendant unduly influenced the minor victims in this case to engage in prohibited sexual conduct, resulting in a 2-level upward adjustment under USSG § 2G1.3(b)(2)(B).

- The parties agree and stipulate that the offenses to which the defendant is pleading guilty involved the commission of a sex act or sexual contact, resulting in a 2-level upward adjustment under USSG § 2G1.3(b)(4)(A).

- The parties agree and stipulate that the defendant is pleading guilty to four offenses that are equally serious, resulting in a 4-level upward adjustment under USSG § 3D1.4.   It is implied by this stipulation that the parties agree that the four offenses to which the defendant is pleading guilty do not group.

- The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense, making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

- The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).

The defendant also agrees in the plea agreement that he has been advised and understands that under the Sex Offender Registration and Notification Act (SORNA), a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.  This registration will also be a condition of any supervised release.  The defendant also understands that independent of supervised release and the federal law requirements, he will be subject to state

6

sex offender registration requirements, and that these federal law and state requirements may apply throughout his life.

## V.   **FACTUAL BASIS FOR THE PLEA**

If this case were to proceed to trial, the government would introduce evidence to establish the following facts:

The defendant is a United States citizen, whose last known residence is in Lancaster County, Pennsylvania.   In early 2008, the defendant and his family traveled from Lancaster County to the Republic of Kenya to start an orphanage.   The orphanage, which came to be known as the Dow Family Children's Home, was established in Bomet County, Kenya in or around April 2008, and it remained in operation until the defendant fled Kenya in September 2017.

While in Kenya, the defendant maintained ties to the United States.   The defendant and his family traveled to Kenya with United States passports, and they stayed in Kenya on missionary visas.   The defendant did not gain Kenyan citizenship or otherwise relinquish his United States citizenship.   The defendant and his wife also maintained an account with a bank in Pennsylvania, and the defendant maintained a commercial driver's license in Pennsylvania, which he renewed twice while he was in Kenya.

Additionally, the defendant traveled to the United States and back to Kenya at least twice: in or around September 2013 and in or around September 2016.   He was scheduled to travel to the United States again in October 2017 but he rescheduled his flight to September 13, 2017 after the allegations giving rise to the instant charges came to light.   These trips were, at least in part, to raise funds, as the Dow Family Children's Home received financial and operational support from individuals and organizations in the United States.

Sometime after his 2013 trip to the United States, the defendant sexually abused children under his care at the Dow Family Children's Home.   The defendant has been charged with – and is pleading guilty to – sexually abusing four girls.   These victims are identified in the Indictment as Minor 1, Minor 2, Minor 3, and Minor 4, but the government has provided their names to the defendant through discovery.

The following is a partial summary of what the government would prove at trial as to the abuse of each victim:

- The defendant sexually abused Minor 1 multiple times between October 2013 and September 2017, during which Minor 1 was approximately 13 to 17 years old, with at least some of the sexual abuse of Minor 1 occurring before she was 16 years of age. The defendant penetrated Minor 1's vagina with his penis and he inserted his penis into her mouth.

- The defendant sexually abused Minor 2 multiple times between October 2013 and September 2017, during which Minor 2 was approximately 11 to 15 years old.   The defendant penetrated Minor 2's vagina with his penis and his fingers.   He also touched Minor 2's breasts with his hand and mouth.

- The defendant sexually abused Minor 3 multiple times between October 2013 and September 2017, during which Minor 3 was approximately 12 to 16 years old.   The defendant penetrated Minor 3's vagina with his finger and touched her breasts.

- The defendant sexually abused Minor 4 multiple times between October 2013 and September 2017, during which Minor 4 was approximately 11 to 15 years old.   The

defendant penetrated Minor 4's vagina with his penis and touched her breasts with his hand.

If this case were to proceed to trial, the government would introduce evidence to show that the defendant engaged in grooming behavior by providing things of value to his victims.   For example, the defendant provided cellphones to a limited number of children, including Minor 1. The government would also introduce evidence to show that the defendant's wife, with whom he operated the Dow Family Children's Home, took the victims – and other girls living at the orphanage – to a medical clinic in Kenya to have Norplant, a birth control device, implanted in their arms.   The defendant, knowing that his wife had done this, was able to perpetrate these crimes without fear that the abuse would result in pregnancy.   Finally, the government would introduce evidence to show that these were not the defendant's first victims; in 1996, the defendant pleaded guilty in Iowa state court to Assault with Intent to Commit Sexual Abuse, in violation of Iowa Code Sec. 709.11, as a result of his sexual abuse of another minor child.

## VI.    **CONCLUSION**

The United States respectfully submits that this summary of evidence provides a factual basis for the guilty plea by the defendant to the four counts set forth in the Indictment.  The government therefore respectfully requests that the Court find that the defendant's guilty plea is being tendered to the Court voluntarily, knowingly, and intelligently, and is supported by the requisite factual basis.

<div style="margin-left: 40%;">

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney


  s/ Timothy M. Stengel
TIMOTHY M. STENGEL
Assistant United States Attorney

</div>

Dated: June 11, 2020

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date I caused a true and correct copy of the foregoing Change

of Plea Memorandum to be served via email on the following:

> Catherine Henry, Esquire
> Katrina Young, Esquire
> Federal Community Defender Office for
> The Eastern District of Pennsylvania
> The Curtis Center - Suite 540 West
> 601 Walnut Street
> Philadelphia, PA 19106

>    s/ Timothy M. Stengel
> TIMOTHY M. STENGEL
> Assistant United States Attorney

Dated: June 11, 2020

Exhibit A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-393 |
| GREGORY DOW | : | |

## GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1.     The defendant agrees to plead guilty to Counts One through Four of the Indictment, charging him with engaging in illicit sexual conduct in a foreign place, in violation of 18 U.S.C. § 2423(c), and not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under 18 U.S.C. § 2428, all arising from the defendant sexually abusing four minor victims at an orphanage he operated in the Republic of Kenya. The defendant further acknowledges his waiver of rights, as set forth in the attachment to this agreement.

2.     At the time of sentencing, the government will:

a.     Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the

Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

b.      Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

3.      The defendant understands, agrees, and has had explained to him by counsel that the Court may impose the following statutory maximum and mandatory minimum sentences on each of Counts One through Four (engaging in illicit sexual conduct in a foreign place): 30 years' imprisonment, a mandatory minimum of 5 years' supervised release up to a lifetime of supervised release, a $250,000 fine, a $100 special assessment, and, if found to be non-indigent, an additional special assessment of $5,000 pursuant to 18 U.S.C. § 3014.

Total Maximum and Mandatory Minimum Sentence is:   120 years' imprisonment, a mandatory minimum of 5 years' supervised release up to a lifetime of supervised release, a $1,000,000 fine, and a $20,400 special assessment.   Full restitution in an amount to be determined by the Court also shall be ordered.   Forfeiture of any property, real or personal, used or intended to be used to commit or to facilitate the commission of such violations, or any property, real or personal, that constitutes or is derived from proceeds traceable to any such violations, also may be ordered.

4.      The defendant further understands that supervised release may be revoked if its terms and conditions are violated.   When supervised release is revoked, the original term of imprisonment may be increased by up to 3 years on each of Counts One through Four. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

- 2 -

5.      The parties agree that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and that the following specific sentence is the appropriate disposition of this case:   188 months' imprisonment.   If the Court does not accept this plea agreement, then either the defendant or the government will have the right to withdraw from the plea agreement and insist that the case proceed to trial.

6.      In order to facilitate the collection of the criminal monetary penalties to be imposed in connection with this prosecution, the defendant agrees fully to disclose all income, assets, liabilities, and financial interests, held directly or indirectly, whether held in his own name or in the name of a relative, spouse, associate, another person, or entity, and whether held in this country or outside this country.   Accordingly:

a.      The defendant will submit a completed Financial Statement of Debtor to the U.S. Attorney's Office, in a form it provides and as it directs, within 14 days of execution of this plea agreement.   The defendant promises that his financial statement and disclosures will be complete, accurate, and truthful.

b.      The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate the defendant's ability to satisfy any monetary penalty imposed by the Court.

c.      Upon request by the United States, the defendant also agrees to submit to a financial deposition or interview prior to sentencing, and provide all documents within the defendant's possession or control as requested by the U.S. Attorney's Office regarding the defendant's financial resources and that of the defendant's household.

d.      The defendant agrees not to transfer, assign, dispose, remove, conceal, pledge as collateral, waste, or destroy property with the effect of hindering, delaying, or

- 3 -

defrauding the United States or victims.   The defendant otherwise shall not devalue any property worth more than $1,000 before sentencing, without the prior approval of the United States.

e.       The defendant also agrees to execute any documents necessary to release any funds held in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward any monetary penalty that the Court may impose.

f.       If the defendant fails to comply with this paragraph of the plea agreement or if any of the defendant's representations pursuant to the requirements set forth in this paragraph are false or inaccurate, the government may elect to: void this agreement; and/or argue that the defendant is not entitled to a downward adjustment for acceptance of responsibility under Guideline Section 3E1.1.   The government may also elect to: void the forfeiture portion of the agreement and try the forfeiture before the Court and seek a larger forfeiture; and/or pursue any and all forfeiture remedies available at law or equity.   The defendant agrees to waive any right to a trial by jury on all forfeiture issues, and to waive any claim at trial based on any statute of limitations.

7.       The defendant agrees to pay a fine and restitution in an amount to be determined by the Court.   The defendant agrees that any restitution or fine imposed by the Court shall be due and payable immediately and on such terms and conditions that the Court may impose.   In the event the Court imposes a schedule for the payment of restitution or fine, the defendant understands and agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation under applicable federal and/or state law.

- 4 -

8.      The defendant agrees that forfeiture, restitution, fine, assessment, tax, interest, or other payments in this case do not constitute extraordinary acceptance of responsibility or provide any basis to seek a downward departure or variance from the applicable Sentencing Guideline range.

9.      The defendant agrees to pay the special victims/witness assessment in the amount of $20,400 at such time as directed by the Court.

10.     The parties agree to the following with respect to forfeiture of assets:

a.      The defendant agrees that, pursuant to the Notice of Forfeiture in the Indictment in this case, based on the defendant's conviction for his offenses of 18 U.S.C. § 2423(c), as charged in Counts One through Four of the Indictment, he forfeits his right, title, and interest in any assets that are property, real or personal, used or intended to be used to commit or to facilitate the commission of such violations, or any assets that are property, real or personal, that constitute or are derived from proceeds traceable to any such violations, and that are subject to forfeiture under 18 U.S.C. § 2428.

b.      The defendant agrees to the entry of a preliminary order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b) as soon as possible after the guilty plea and before sentencing.   Pursuant to Rule 32.2(b)(4), the defendant further agrees that, upon the request of the government, the preliminary order of forfeiture may be made final before his sentencing.   The defendant waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

c.      The defendant agrees that he will cooperate with the government by taking whatever steps are necessary to pass clear title to the United States of any such assets, including, but not limited to, assisting in bringing any assets, or the proceeds from the sale of assets, located

- 5 -

outside the United States within the jurisdiction of the United States, completing any legal documents required for the transfer of assets to the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

        d.      The defendant consents to the interlocutory sale of any or all of the assets upon motion of the government, following the entry of a preliminary order of forfeiture.

        e.      In the event that any claim is made by third parties to any such assets, the defendant agrees to forfeit substitute assets equal in value to those assets claimed by third parties.

    11.      The defendant agrees to waive any claims, defenses, or challenges arising under the Double Jeopardy or Excessive Fines Clauses of the Eighth Amendment, resulting from any forfeiture imposed in this case and/or any pending or completed administrative or civil forfeiture actions, and stipulates that such forfeiture is not grossly disproportionate to his criminal conduct.

    12.      The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion, or stipulation by the parties to this agreement.  No one has promised or guaranteed to the defendant what sentence the Court will impose.

    13.      Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) the parties are free to argue (except as stated below) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

a. The parties agree and stipulate that the base offense level for the offenses to which the defendant is pleading guilty is 24 under USSG § 2G1.3(a)(4).

b. The parties agree and stipulate that the minor victims in this case were in the custody, care, or supervisory control of the defendant when he sexually abused them, resulting in a 2-level upward adjustment under USSG § 2G1.3(b)(1)(B).

c. The parties agree and stipulate that the defendant unduly influenced the minor victims in this case to engage in prohibited sexual conduct, resulting in a 2-level upward adjustment under USSG § 2G1.3(b)(2)(B).

d. The parties agree and stipulate that the offenses to which the defendant is pleading guilty involved the commission of a sex act or sexual contact, resulting in a 2-level upward adjustment under USSG § 2G1.3(b)(4)(A).

e. The parties agree and stipulate that the defendant is pleading guilty to four offenses that are equally serious, resulting in a 4-level upward adjustment under USSG § 3D1.4.

f. The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense, making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

g. The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).

14.     The defendant has been advised and understands that under the Sex Offender Registration and Notification Act (SORNA), a federal law, the defendant must register and keep

the registration current in each of the following jurisdictions:   the location of the defendant's

residence, the location of the defendant's employment, and, if the defendant is a student, the

location of the defendant's school.   Registration will require that the defendant provide

information that includes name, residence address, and the names and addresses of any places at

which the defendant is or will be an employee or a student.   The defendant understands that he

must update his registrations not later than three business days after any change of name,

residence, employment, or student status.   The defendant understands that failure to comply

with these obligations subjects the defendant to prosecution for failure to register under federal

law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.   This registration

will also be a condition of any supervised release.   The defendant also understands that

independent of supervised release and the federal law requirements, he will be subject to state

sex offender registration requirements, and that these federal law and state requirements may

apply throughout his life.

15.     If the defendant commits any federal, state, or local crime between the date of this

agreement and his sentencing, or otherwise violates any other provision of this agreement, the

government may declare a breach of the agreement, and may at its option: (a) prosecute the

defendant for any federal crime including, but not limited to, perjury, obstruction of justice, and

the substantive offenses arising from this investigation, based on and using any information

provided by the defendant during the investigation and prosecution of the criminal case; (b) upon

government motion, reinstate and try the defendant on any counts which were to be, or which

had been, dismissed on the basis of this agreement; (c) be relieved of any obligations under this

agreement regarding recommendations as to sentence; and (d) be relieved of any stipulations

under the Sentencing Guidelines.   Moreover, the defendant's previously entered guilty plea will

stand and cannot be withdrawn by him.   The decision shall be in the sole discretion of the

government both whether to declare a breach, and regarding the remedy or remedies to seek.

The defendant understands and agrees that the fact that the government has not asserted a breach

of this agreement or enforced a remedy under this agreement will not bar the government from

raising that breach or enforcing a remedy at a later time.

16.     If the Court accepts the recommendation of the parties and imposes the sentence

stated in paragraph 5 of this agreement, the government agrees that it will not file any appeal of

the sentence in this case, and the defendant agrees that he voluntarily and expressly waives all

rights to appeal or collaterally attack the conviction, sentence, or any other matter relating to this

prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28

U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.   As part of this knowing and

voluntary waiver of the right to appeal or collaterally attack the conviction and sentence, the

defendant expressly waives the right to raise on appeal or on collateral review any argument that

(1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted

conduct does not fall within the scope of the statute.   However, the defendant retains the right to

file a claim, if otherwise allowed by law, that an attorney who represented the defendant during

the course of this criminal case provided constitutionally ineffective assistance.

17.     If the Court does not accept the recommendation of the parties to impose the

sentence stated in paragraph 5 of this agreement, and the defendant nevertheless decides to enter

a guilty plea, without objection by the government, then the defendant voluntarily and expressly

waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any

other matter relating to this prosecution, whether such a right to appeal or collateral attack arises

under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.   As

part of this knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

        a.     Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

        b.     If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

           i.     that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 3 above;

           ii.     challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;

           iii.     challenging a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range determined by the Court; and

           iv.     that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal or seek collateral relief pursuant to this subparagraph, no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph.

        18.     The defendant acknowledges that filing an appeal or any collateral attack waived in either of the two preceding paragraphs may constitute a breach of this plea agreement.  The government promises that it will not declare a breach of the plea agreement on this basis based

on the mere filing of a notice of appeal, but may do so only after the defendant or his counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the government deems barred by the waiver.   The parties acknowledge that the filing and pursuit of an appeal constitutes a breach only if a court determines that the appeal does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph or constitutes a "miscarriage of justice" as that term is defined in applicable law.

19.    The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

20.     The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

21.     It is agreed that the parties' guilty plea agreement contains no additional promises, agreements, or understandings other than those set forth in this written guilty plea agreement, and that no additional promises, agreements, or understandings will be entered into unless in writing and signed by all parties.

WILLIAM M. McSWAIN
United States Attorney


GREGORY DOW
Defendant

DENISE S. WOLF
Chief, Criminal Division
Assistant United States Attorney


CATHERINE C. HENRY
KATRINA YOUNG
Counsel for the Defendant

TIMOTHY M. STENGEL
Assistant United States Attorney

Date: _____2/28/20_____

**Attachment**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

            v.          :          **CRIMINAL NO. 19-393**

**GREGORY DOW**          :

## <u>ACKNOWLEDGMENT OF RIGHTS</u>

    I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1.    I understand that I do not have to plead guilty.

2.    I may plead not guilty and insist upon a trial.

3.    At that trial, I understand

        a.    that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

        b.    that the jury could only convict me if all 12 jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

        c.    that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

        d.    that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

        e.    that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

        f.    that through my lawyer I would have the right to confront and cross-examine the witnesses against me;

g.      that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to; and

h.      that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

4.      I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

5.      I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

6.      I understand that if I plead guilty, I have given up my right to appeal, except as set forth in the appellate waiver provisions of my plea agreement.

7.      Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

8.      I acknowledge that no one has promised me what sentence the Court will impose. I am aware and have discussed with my attorney that, at sentencing, the Court will calculate the Sentencing Guidelines range (including whether any departures apply), and then, in determining my sentence, will consider the Guideline range and all relevant policy statements in the Sentencing Guidelines, along with other sentencing factors set forth in 18 U.S.C. § 3553(a), including

(1) the nature and circumstances of the offense and my personal history and characteristics;

(2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

GREGORY DOW
Defendant

CATHERINE C. HENRY
KATRINA YOUNG
Counsel for the Defendant

Dated: