**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 19-393 |
| | : | |
| | : | |
| GREGORY DOW | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Mr. Dow respectfully submits this memorandum in aid of sentencing. He pled guilty pursuant to FED. R. CRIM. P. 11(c)(1)(C), accepts responsibility for his actions, and respectfully requests that this Court impose the jointly recommended sentence of 188 months of incarceration. He further requests that the Court set a term of ten years of supervised release, as he will be approximately 75 years old when he is released from the recommended prison sentence. This sentence will be sufficient but not greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005).

**I.  THE RECOMMENDED SENTENCING GUIDELINE RANGE**

Mr. Dow, through his counsel, agrees that the Presentence Report ("PSR") correctly calculated the Guidelines range as 188-235 months of imprisonment. PSR ¶ 103. Because the jointly recommended sentence of 188 months within that range and is fair and reasonable in considering the 18 U.S.C. § 3553 factors listed below, Mr. Dow asks this Court to impose sentence in accordance with the plea agreement.

**II.  APPLICATION OF THE STATUTORY FACTORS TO THIS CASE**

The parties' plea agreement reflects their shared belief that the proposed sentence of 188

months of imprisonment will achieve the purposes for which the government pursued prosecution of this case. The agreement allows the Court to consider any permissible factor to impose a sentence in light of the criteria set forth in 18 U.S.C. § 3553(a). In this case, the parties respectfully ask the Court to honor their plea agreement as an objectively reasonable and appropriate way of resolving the case.[1]

The Court must consider all of the § 3553(a) factors and impose a sentence that is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). In this case, a sentence of 188 months of incarceration meets this criteria. The factors the Court must consider include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the

---

[1] Ninety-seven percent of all federal convictions are the result of guilty pleas, and guilty plea agreements are central to the administration of criminal justice. *Missouri v. Frye*, 566 U.S. 134, 143-44 (2012) ("The potential to conserve valuable prosecutorial resources and for defendants to admit their crimes and receive more favorable terms at sentencing means that a plea agreement can benefit both parties.") Guilty pleas bring finality to criminal cases without the uncertainties and laboriousness of pretrial, trial, and direct and collateral appellate litigation. Indeed, the Supreme Court has recognized that the finality of criminal judgments is "essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality). As such, the Third Circuit, favoring the nontrial, final disposition of criminal cases, has repeatedly affirmed district courts' authority to accept plea agreements containing stipulations to sentences even below the applicable Guidelines range. *See e.g. United States v. Hicks*, 284 F. App'x 998, 1000 (3d Cir. 2008) (not precedential); *United States v. Clayborn*, 221 F. App'x 126, 128 (3d Cir. 2007) (not precedential); *United States v. Bernard*, 373 F.3d 339, 344-45 (3d Cir. 2004).

offense.  *Id.*

### A.     The Nature and Circumstances of the Offense and History and Characteristics of the Defendant

There is no question that the offenses to which Mr. Dow pled guilty are extremely serious.  As such, the high sentencing Guidelines range applicable to those crimes reflects this seriousness, and the jointly proposed sentence of 188 months, which is within that range, is appropriate in light of the nature and circumstances of the offenses.  Additionally, Mr. Dow's history and characteristics support the negotiated sentence.  His childhood was difficult, strewn with loss, violence, and neglect, which ultimately led to his placement in foster care.  PSR ¶¶ 76-77.  These traumatic experiences undoubtedly impacted him well into adulthood; however, his Christian faith and determination have guided and shaped him, and he has made peace with the past.  Throughout his life, he has been hardworking and always supported his family through gainful employment.  *See id.* at ¶¶ 96-97; Letters from Bill Zimmerman (former employer) and James Kettering (landlord) attached collectively as Exhibit A.  He has been a supportive, caring husband and father, and despite his faults and wrongdoing to the victims in this case has positively impacted the lives of many others in his community.  *See* Additional Letters attached collectively as Exhibit B.  A sentence of 188 months of incarceration strikes the proper balance when considering the nature and circumstances of the offense and the history and characteristics of Mr. Dow as a whole.

### B.     The Need for the Sentence Imposed to Promote Certain Statutory Objectives

   *1.     To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

Mr. Dow sincerely appreciates the seriousness of his conduct and recognizes the need for the significant incarceration sentence to which he has agreed.  He is hopeful that that agreed

3

upon sentence does not result in an effective life sentence but appreciates that very real risk. He also takes to heart the unfortunate reality that this sentence will severely limit his in-person contact with loved ones, including his wife and children, for many years. Indeed, almost 16 years in prison is significant, particularly at Mr. Dow's age, and such a sentence certainly serves to reflect the seriousness of his offense, promote respect for the law, and provide just punishment. The jointly recommended sentence is therefore minimally sufficient to achieve these statutory goals; thus, Mr. Dow respectfully requests that the Court honor the plea agreement.

> 2. *To afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.*

The jointly recommended sentence will deter Mr. Dow from ever again committing any other crimes and will deter others from committing similar crimes. If he survives to be released from prison, his release will come at an advanced age, and he will be subject to stringent sex offender registration and federal supervised release conditions monitoring his every action, as well as the significant penalties that come with their violation. He will also have available to him the resources and guidance of the United States Probation Office, which will implement a real reentry plan individualized to Mr. Dow's needs, including sex offender therapy. The combination of more than 15 years of incapacitation and the potential penalties and significant support associated with the requested ten years of supervised release will therefore serve the goals of specific and general deterrence.

> 3. *To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

Despite knowing he will spend the next 15 years of his life in prison should the Court honor his plea agreement, Mr. Dow has an overall positive outlook about his future. He has

expressed a strong desire to work towards rehabilitation, atone, and use his time in prison to help others through ministry. He is looking forward to participating in any BOP programs available to him, including mental health counseling and sex offender therapy, and he intends to earn any training and educational certifications available to him while serving his sentence. As honest work has always been a motivator for him, Mr. Dow is also eager to spend as much of his time as possible working in order to remain productive and physically and emotionally healthy. The sentence outlined in the plea agreement appropriately addresses Mr. Dow's needs and goals related to this statutory objective, and he respectfully urges the Court to impose it accordingly.

### C. The Guidelines and Policy Statements Issued by the Sentencing Commission

The proposed sentence, which is within the applicable Guidelines range, is not inconsistent with the Guidelines and policy statements issued by the Sentencing Commission. As this Court is well aware, while "the Guidelines [are] a starting point and an initial benchmark" the Court must consider, *Gall v. United States*, 552 U.S. 38, 49 (2007), the Court is free to consider any other permissible factor(s) in determining what sentence to impose. *See Booker*, 543 U.S. at 251-52. The parties agree that in light of all the factors the Court may consider in this case, the appropriate sentence remains one within the Guidelines range—specifically, 188 months. Mr. Dow therefore respectfully submits that honoring the plea agreement is the appropriate disposition of his case.

### D. The Need to Avoid Unwarranted Sentence Disparities

To defense counsel's knowledge, the sentence outlined in the plea agreement would not result in an unwarranted sentence disparity among similarly-situated defendants.

### E. The Need to Provide Restitution to Victims of the Offense

No information regarding restitution has been made available to Mr. Dow; therefore,

5

absent such information, restitution is not an issue in this case.

### III. <u>CONCLUSION</u>

    For the reasons articulated herein, the sentence specified in the plea agreement into which Mr. Dow and the government entered appropriately balances the § 3553(a) factors.  Mr. Dow stands before this Court having fully accepted responsibility for his actions.  He knows and accepts his inevitable lengthy incarceration sentence, the collateral consequences that flow from it, and designation at a facility likely far away from his beloved family.  Considering all arguments articulated herein, as well as any brought to the Court's attention at the time of sentencing, Mr. Dow respectfully requests the Court impose the sentence of 188 months of incarceration, as well as ten years of supervised release.

                                        Respectfully submitted,

                                        */s/ Catherine Henry*
                                        CATHERINE HENRY
                                        Senior Litigator

                                        */s/ Katrina Young*
                                        KATRINA YOUNG
                                        Assistant Federal Defender

# **CERTIFICATE OF SERVICE**

We, Catherine Henry, Senior Litigator, and Katrina Young, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that we have electronically filed and served a copy of the Defendant's Sentencing Memorandum upon Timothy Stengel, Assistant United States Attorney, to his office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

        */s/ Catherine Henry*_____
        CATHERINE HENRY
        Senior Litigator

        */s/ Katrina Young*_____
        KATRINA YOUNG
        Assistant Federal Defender

DATE:       November 19, 2020